ISABELLE ZEIGLER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25902.)

Court of Claims, January 29, 1943.

*Benjamin Machinist* for claimant.

*John J. Bennett, Jr., Attorney-General* (*William Heinecke* of counsel), for defendant.

DYE, J. The claimant, while an inmate of the Wassaic State School, an institution for the care and supervision of mental defectives, fell from a stepladder and sustained personal injuries for which she now seeks compensatory damages.

The right to recover is predicated on negligence.

The proven facts reveal that the claimant was a delinquent by reason of being a mental defective; that physically she suffered from a high myopic condition which was not corrected by the use of special eyeglass lenses. Because of this, she had been classified in the school records as " fitted to do only manual labor but not near work."

On October 20, 1939, the claimant, together with other school inmates, was engaged in cleaning a room of the school laundry. A matron was in charge. In the course of the work, the claimant, taking a long-handled wall brush, climed to the top of a six-foot stepladder and attempted to brush down a side wall. While so engaged, the matron saw her and said, "Isabelle, move the ladder. You are overreaching." Without waiting to see that she did so, the matron went to another part of the laundry. Almost immediately the matron heard a scream and a crash and, running back, found the claimant lying on the floor, the ladder upset and one of its rear supports broken. In this manner the claimant was injured.

May she recover? We think so.

To recover, the claimant must show by a fair preponderance of proof that the State, its officers and employees were negligent and that their negligence was the proximate producing cause of the tortious event. The initial mounting of the stepladder by the claimant certainly created no liability. We found that it was in good condition prior to the accident and that the matron did not order the claimant to stand on the stepladder to brush the wall, or, for that matter, to brush the wall. Nor had the matron given any instructions to the contrary, so the court feels safe in assuming that the claimant violated no rule of conduct or practice when she voluntarily climbed the stepladder. Had she fallen before discovery by the matron, there could be no recovery as it would have been such an unexpected, unforeseen and unlooked for mishap as to bring it within the accepted definition of an accident. (1 C. J. S. Accident, p. 425 *et seq.*)

The matron's arrival on the scene to find the claimant standing atop the stepladder in an overreaching position introduced a new element which changed the situation from what it might otherwise have been. She immediately recognized the dangerous potentialities of the claimant's position. The element of contributory negligence must now be disregarded in any event, either because the claimant's mental deficiency rendered her incapable of appreciating her danger (*Shattuck* v. *State of New York,* 166 Misc. 271, affd. 254 App. Div. 926), or because of the matron's failure after she had found the claimant in a position of danger to exercise a reasonable effort to save her from harm. (*Woloszynowski* v. *N. Y. C. R. R. Co.,* 254 N. Y. 206.) From then on, she was bound to exercise with reasonable care and competence her then-existing ability to counteract the peril to which the claimant was exposing herself and avert

its consequences. (Restatement, Torts, §§ 479, 480.) Instead she admonished the claimant to move the stepladder but did not follow it up with appropriate action although she knew or should have known about the claimant's mental deficiency and her myopic condition. This failure to take every reasonable precaution to protect the claimant from injury, we hold, amounted to negligence (*Martindale* v. *State of New York*, 269 N. Y. 554), and it is this factor which became the proximate producing cause of the accident and rendered the State liable.

The damages, however, must be limited to an amount which will reasonably and justly compensate her for her pain and suffering and permanent disability. There being no proof respecting her earning capacity or the date of her probable discharge, if ever, from the institution, no part of the award is calculated on the loss of present or future earnings. (25 C. J. S., Damages, § 162.)

Let judgment be entered accordingly.